**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM VANDERDASSON, | : | |
| Plaintiff, | : | Case No. 1:26-cv-10973 |
| v. | : | **Judge Matthew F. Kennelly** |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | : | **Magistrate Judge Maria Valdez** |
| Defendants. | : | |

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISSOLVE THE TEMPORARY RESTRAINING ORDER

# TABLE OF CONTENTS


I. INTRODUCTION ..................... 1

II. FACTUAL BACKGROUND ..................... 2

III. PROCEDURAL BACKGROUND ..................... 3

IV. LEGAL STANDARD ..................... 4

V. ARGUMENT ..................... 5

A. Plaintiff Fails to Establish a Likelihood of Success on the Merits ..................... 5

1. Plaintiff's Motion Papers Fail to Provide Any Analysis ..................... 5

2. Defendant Is Not Properly Joined in This Action ..................... 5

B. Plaintiff Has Not Demonstrated Irreparable Harm ..................... 8

C. An Asset Freeze Is Not Appropriate ..................... 10

D. Defendant Reserves All Rights to Advance Additional Defenses ..................... 13

VI. CONCLUSION ..................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABC Corp. I v. P'ship & Uninc. Ass'ns Identified on Schedule "A"*,
52 F.4th 934 (Fed. Cir. 2022) ....................5

*Collegiate Licensing Co., LLC v. The P'ships and Uninc. Ass'ns Identified on Schedule A*,
No. 24-cv-06219-JFK, ECF No. 22 (N.D. Ill. Sept. 13, 2024) (Kness, J.) ....................12

*Dong v. Miller*,
No. 16-cv-5836-NGG-JO, 2018 WL 1445573 (E.D.N.Y. Mar. 23, 2018) ....................11

*Eicher Motors Ltd. v. P'ships & Uninc. Ass'ns Identified on Schedule "A"*,
794 F. Supp. 3d 543 (N.D. Ill. 2025) .................... *passim*

*Estée Lauder Cosms. Ltd. v. P'ships & Uninc. Ass'ns Identified on Schedule A*,
334 F.R.D. 182 (N.D. Ill. 2020) ....................6, 7

*Evergreen Pharmacy, Inc. v. Garland*,
621 F. Supp. 3d 861 (N.D. Ill. 2022) ....................4

*Fabick, Inc. v. JFTCO Inc.*,
944 F.3d 649 (7th Cir. 2019) ....................12

*Flava Works, Inc. v. Gunter*,
689 F.3d 754 (7th Cir. 2012) ....................8

*Foodcomm Int'l v Barry*,
328 F.3d 300 (7th Cir. 2003) ....................4

*Frerck v. John Wiley & Sons, Inc.*,
850 F. Supp. 2d 889 (N.D. Ill. 2012) ....................8

*Glitch Prods. Pty Ltd v. The P'ships and Uninc. Ass'ns Identified on Schedule A*,
No. 26-cv-08246-MMR (N.D. Ill. Sept. 28, 2026) ....................13

*Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*,
527 U.S. 308 (1999) ....................11

*H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*,
694 F.3d 827 (7th Cir. 2012) ....................5

*Helene Curtis Indus., Inc. v. Church & Dwight Co.*,
560 F.2d 1325 (7th Cir. 1977) ....................8

*Incredible Tech., Inc. v. Virtual Tech., Inc.*,
400 F.3d 1007 (7th Cir. 2005) ....................4

*Int'l Kennel Club of Chicago, Inc. v. Mighty Star, Inc.*,
846 F.2d 1079 (7th Cir. 1988) ....................8

*Intersport Corp. v. The Individuals, Corps., LLCs, P'ships and Uninc. Ass'ns Identified on Schedule A Hereto*,
No. 25-cv-3483-MMP, ECF No. 24 (N.D. Ill. Apr. 21, 2025) ....................11

*LandAirSea Sys., Inc. v. Synchronize Income Dev., LLC*,
No. 23-cv-4964, 2024 WL 1657355 (N.D. Ill. Feb. 8, 2024) ....................9

*LeSEA, Inc. v. LeSEA Broad. Corp.*,
No. 3:18-cv-914-PPS/MGG, 2023 WL 5428767 (N.D. Ind. Aug. 22, 2023),
*aff'd sub nom. Sumrall v. LeSea, Inc.*, 104 F.4th 622 (7th Cir. 2024) ....................5

*Manchester United Football Club Ltd. v. The P'ships and Uninc. Ass'ns Identified on Schedule A*,
No. 24-cv-5692-MSS, ECF No. 61, 8/28/24 ....................12

*Mazurek v. Armstrong*,
520 U.S. 968 (1997) ....................4

*McDowell v. Morgan Stanley & Co.*,
645 F. Supp. 2d 690 (N.D. Ill. 2009) ....................6

*Merrigo Life LLC v. The Individuals, Corps., LLCs, P'ships, and Uninc. Associates Identified On Schedule A*,
No. 25-cv-15046-JCD, ECF No. 18 (N.D. Ill. Mar. 2, 2026) ....................13

*Michigan v. U.S. Army Corps of Eng'rs*,
667 F.3d 765 (7th Cir. 2011) ....................9

*Micnerski v. Sheahan*,
No. 02-cv-7025, 2002 WL 31415753 (N.D. Ill. Oct. 25, 2002) ....................10

*Mudworks Pottery, LLC* v. *The P'ships and Uninc. Ass'ns Identified on Schedule A*,
No. 25-cv-10849-FUV, ECF No. 12 (N.D. Ill. Oct. 19, 2025) ....................7

*Negru v. The P'ships and Uninc. Ass'ns Identified on Schedule A*,
No. 25-cv-03002-LAH, ECF No. 18 (N.D. Ill. Apr. 21, 2025) ....................7

*Rahner v. The P'ships and Uninc. Ass'ns Identified on Schedule A*,
No. 26-cv-06678, ECF No. 13 (N.D. Ill. June 10, 2026) ....................7

*Redbox Automated Retail, LLC v. Xpress Retail LLC*,
310 F. Supp. 3d 949 (N.D. Ill. 2018) ....................9

*Sands, Taylor & Wood Co. v. Quaker Oats Co.*,
978 F.2d 947 (7th Cir. 1992) ....................................................................................11

*SB Designs v. Reebok Int'l, Ltd.*,
305 F. Supp. 2d 888 (N.D. Ill. 2004) ..............................................................................6

*SigmaxGo LLC v. The P'ships and Uninc. Ass'ns Identified on Schedule A*,
No. 26-cv-00132-JRB, ECF No. 15 (N.D. Ill. Jan. 12, 2026) ...............................................7

*Spin Master v. Aciper*,
No. 19-cv-6949-VSB, 2020 WL 6482878 (S.D.N.Y. Nov. 4, 2020) ...............................11, 12

*Volkswagen AG et al v. The P'ships and Uninc. Ass'ns Identified on Schedule A*,
No. 18-cv-06611-EEC, ECF No. 56 (N.D. Ill. Nov. 13, 2018) ...............................................7

*Wham-O Holding, Ltd. et al. v. The Individuals, Corps., LLCs,*
*P'ships and Uninc. Ass'ns Identified in Schedule A*,
No. 24-cv-12523-GNA, ECF No. 39 (N.D. Ill. Feb. 20, 2025).............................................11

*Winter v. Natural Res. Def. Council, Inc.*,
555 U.S. 7 (2008)...............................................................................................................4

*Zhang v. UAB Ekomlita*,
No. 22-cv-5057, 2023 WL 2867798 (N.D. Ill. Apr. 10, 2023)...............................................9

*Zorro Prods., Inc. v. Ind., Corps., LLCs, P'ships, & Uninc. Ass'ns Identified on*
*Schedule A Hereto*,
No. 23-cv-5761-SCS, 2023 WL 8807254 (N.D. Ill. Dec. 20, 2023) .......................................2

**Statutes**

17 U.S.C. § 410(c) ...............................................................................................................5

17 U.S.C. § 412......................................................................................................................2

17 U.S.C. § 507(b) ...............................................................................................................10

**Other Authorities**

Fed. R. Civ. P. 20...............................................................................................................5, 6

Fed. R. Civ. P. 21...................................................................................................................6

Fed. R. Civ. P. 52(a)(2)...........................................................................................................5

Fed. R. Civ. P. 65(d) ..............................................................................................................5

Suzhou Liying Network Technology Co., Ltd. (the operator of the websites infinitias.com (Defendant No. 12), cozymoo.com (Defendant No. 13), and m.amechics.com (Defendant No. 15)) ("Defendant") respectfully submits this Motion to Dissolve the Court's September 22, 2026 Temporary Restraining Order which was extended to October 20, 2026 (ECF Nos. 30 & 33, "TRO"), including the asset restraint on Defendant.

## I. INTRODUCTION

As Judge Kness has recently stated with respect to the type of "Schedule A" case at-issue here:

> [T]his Court has taken a fresh and close look at the propriety of the Schedule A mechanism. That review has not been flattering: as explained below, the routine granting of preliminary injunctive relief in the absence of adversarial proceedings; the widespread sealing of judicial documents from public scrutiny; the pell-mell prejudgment freezing of defendants' assets to ensure the practical availability of a legal remedy; and the mass joinder of multiple defendants is ***unjustified under the procedural rules and should not continue***.

*Eicher Motors Ltd. v. P'ships & Uninc. Ass'ns Identified on Schedule "A"*, 794 F. Supp. 3d 543, 546 (N.D. Ill. 2025) (emphasis added). The concerns raised by Judge Kness are the exact issues with the injunctive relief granted here. Of most concern to Defendant is the effective shutdown of its ***entire*** business due to the Court's TRO directing all payment processors to freeze ***all*** of Defendant's funds, regardless of whether those funds are related to the accused activity. (TRO ¶ 6.b.) This "asset freeze that strangles [D]efendant[] at the outset . . . is far from equitable" and is especially unwarranted here. *Eicher Motors*, 794 F. Supp. 3d at 553.

Defendant has limited information as to what Plaintiff's allegations in this case are, as the majority of Plaintiff's motion seeking the TRO, its supplemental submission regarding joinder, and the TRO itself remain under seal. (ECF Nos. 11, 17, & 22.) Regardless, now that Defendant knows that Plaintiff has an issue with ***certain images*** printed on a sweatshirt, Defendant can simply remove that content, thus, eliminating any issue. Defendant has made almost no sales of the

accused product anyway. The handful of sales that were made were made more than ***three years ago*** (i.e., outside the Copyright Act's three-year statute of limitations). The only sales that were made within the statute of limitations were to Plaintiff's counsel ***over five months ago***.

Accordingly, Plaintiff cannot meet the high standard for an *ex parte* TRO. Plaintiff has not provided any evidence of irreparable harm—rather, Plaintiff has had actual knowledge of Defendant for at least five months before seeking relief. However, Plaintiff has managed to hoodwink the Court into shutting down Defendant's ***entire business*** on the false premise of "emergency, status-quo-preserving relief" (ECF No. 24 at 3), so that Plaintiff can use that crushing financial distress as leverage to demand an unwarranted pay-off. An injunction that "forces [a] settlement[] . . . because [Defendant's] assets and business are locked up by an injunction" is not equitable. *Eicher Motors*, 794 F. Supp. 3d at 555.

Because the only sales made within the three-year statute of limitations were to Plaintiff, Plaintiff does not genuinely intend to pursue an "equitable accounting of Defendant's profits" (*see* ECF No. 24 at 3, 11–12), as those "profits" amount to less than $100. Nor can Plaintiff seek statutory damages (which cannot be the basis for an asset freeze, in any event), because the asserted copyright was registered in 2025, after the start of Defendant's alleged infringement. *See* 17 U.S.C. § 412; *see also, e.g.*, *Zorro Prods., Inc. v. Ind., Corps., LLCs, P'ships, & Uninc. Ass'ns Identified on Schedule A Hereto*, No. 23-cv-5761-SCS, 2023 WL 8807254, at *4 (N.D. Ill. Dec. 20, 2023) (explaining that "statutory damages are a remedy at law, not a remedy in equity," "which means that there [i]s no justification for an asset freeze" based on statutory damages).

For these reasons, and those discussed below, Plaintiff's request for an extension of the TRO should be denied and the TRO should be dissolved.

## II. FACTUAL BACKGROUND

The Complaint alleges that Plaintiff, an Oregon resident, is the owner of United States

Copyright Registration No. VA 2-467-497, and that such registration covers the image shown in Exhibit 1 to the Complaint. (ECF No. 1, Compl ¶ 5; ECF No. 1-1 at 4.) Plaintiff has no connection to this District or the State of Illinois.

Defendant, based in Jiangsu, China, operates three of the websites named in this action and distributes apparel and other consumer products. (Yuan Decl. ¶ 3.) Defendant has been in this business since 2018. (*Id.*) The Complaint does not provide a factual basis for any claim against Defendant, or identify any accused product. Rather, it provides generic allegations against numerous defendants. Plaintiff's TRO papers, similarly, provide no factual basis for injunctive relief.

## III. PROCEDURAL BACKGROUND

Plaintiff initiated this action on September 10, 2026 against Defendant and 23 other defendants, whose identities were all placed under seal. (ECF No. 2.) On September 11, 2026, Plaintiff moved for an *ex parte* temporary restraining order, including a wholesale asset restraint. (ECF No. 14.) The Court denied Plaintiff's motion without prejudice, requiring a reduction in the number of defendants and for Plaintiff to demonstrate that it purchased products that were shipped into Illinois. (ECF No. 18.) Plaintiff's renewed motion for a TRO was granted by the Court on September 22, 2026. (ECF Nos. 29 & 30.) The TRO, which was issued under seal, was set to expire on October 6, 2026, but it was extended to October 20, 2026 via a Minute Entry. (ECF No. 33.) As of the date of this filing, while Plaintiff provided access to the under seal TRO on September 25, 2026 in response to Defendant's counsel's request, Plaintiff has refused to provide access to any of its sealed filings in this matter, including those incorporated by reference in the TRO. For example, the TRO states that the "Declaration of William Vanderdasson, which includes evidence confirming that each Defendant Internet Store stands ready, willing, and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the William

Vanderdasson Work" (TRO at 2), but Defendant has never been given access to such Declaration.

The TRO includes a blanket asset freeze on ***all*** of Defendant's assets, regardless of whether they are related to the accused product (or even the accused websites). Specifically, Paragraphs 2 and 5 the TRO provide that:

> 2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts..
>
> . . .
>
> 6. Any Third Party Providers, including PayPal, shall, within seven (7) calendar days of receipt of this Order:
>
> a. locate all accounts and funds connected to Defendants[] . . .; and
>
> b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets . . . .

(TRO ¶¶ 2, 6.)

## IV. LEGAL STANDARD

A temporary restraining order, like a preliminary injunction, is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *accord Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"); *Evergreen Pharmacy, Inc. v. Garland*, 621 F. Supp. 3d 861, 868 (N.D. Ill. 2022) ("The legal standard employed for a temporary restraining order is the same as one for a preliminary injunction."). To prevail, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003) (citations omitted). If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005).

## V. ARGUMENT

### A. Plaintiff Fails to Establish a Likelihood of Success on the Merits

#### *1. Plaintiff's Motion Papers Fail to Provide Any Analysis*

"[W]hen a court 'state[s] the reasons' why a preliminary injunction issued, it must generally conduct a product-by-product infringement analysis." *ABC Corp. I v. P'ship & Uninc. Ass'ns Identified on Schedule "A"*, 52 F.4th 934, 944 (Fed. Cir. 2022) (vacating preliminary injunction where "district court failed to make product-by-product infringement findings"). And "Rule 52(a)(2) requires a statement of findings of fact and conclusions of law for decisions granting or refusing an 'interlocutory injunction' (a phrase that includes preliminary injunctions)." *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 845 (7th Cir. 2012) (quoting Fed. R. Civ. P. 65(d) and 52(a)(2)).

Defendant does not have access to the TRO papers that Plaintiff filed with the Court, nor does the TRO include any "product-by-product infringement analysis." The TRO should be vacated for this reason alone.

Furthermore, Plaintiff has not established that it has any valid copyright. While a copyright registration creates a presumption of validity in some situations, that presumption does not apply here where more than five years passed between the purported first publication of the image and Plaintiff's attempt to register it. *See* 17 U.S.C. § 410(c); (Ex. 1-1 (asserting an ***18-year passage of time between publication and registration***).) "[W]hen there is a long lapse of time between publication and registration, it is less likely that the facts stated in the certificate are reliable." *LeSEA, Inc. v. LeSEA Broad. Corp.*, No. 3:18-cv-914-PPS/MGG, 2023 WL 5428767, at *7 (N.D. Ind. Aug. 22, 2023), *aff'd sub nom. Sumrall v. LeSea, Inc.*, 104 F.4th 622 (7th Cir. 2024).

#### *2. Defendant Is Not Properly Joined in This Action*

Under Rule 20(a)(2), defendants "may be joined in one action as defendants" if the

following two conditions are met: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)–(B). "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Plaintiff "bears the burden of demonstrating that joinder is proper." *See Estée Lauder Cosms. Ltd. v. P'ships & Uninc. Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 185 (N.D. Ill. 2020) (collecting cases).

Courts in this district have repeatedly recognized that similarity of claims between a plaintiff and various defendants is not sufficient for joinder. *See, e.g.*, *Eicher Motors*, 2025 WL 2299593, 794 F. Supp. 3d at 546, 555 ("[T]he Court echoes concerns raised elsewhere in this District about the propriety of joining multiple defendants in Schedule A cases"; "the mass joinder of multiple defendants is unjustified under the procedural rules and should not continue"); *Estée Lauder Cosms.*, 334 F.R.D. at 187 ("[T]ime and again the courts of this District have held that it is not enough for a plaintiff to simply allege that multiple defendants have infringed the same patent or trademark to meet Rule 20's requirements."); *McDowell v. Morgan Stanley & Co.*, 645 F. Supp. 2d 690, 697 (N.D. Ill. 2009) ("One or more defendants' similar conduct, without anything more, does not rise to a sufficient level that would justify joining those defendants in a single action pursuant to Rule 20."); *SB Designs v. Reebok Int'l, Ltd.*, 305 F. Supp. 2d 888, 892 (N.D. Ill. 2004) ("The fact that the defendants allegedly violated the same trademark does not mean that plaintiffs' claims against them arise out of the same transaction or occurrence.").

On the issue of joinder, Plaintiff's papers contain only boilerplate, conclusory, allegations, for example, that "Defendants are interrelated." (ECF No. 23 ¶ 5; *see also* ECF No. 1, Compl. ¶ 7.) These statements, which are lifted verbatim from dozens of other complaints filed in Schedule A

cases, are insufficient to satisfy Plaintiff's burden for joinder of all 15 Defendants. *See Estée Lauder Cosms.*, 334 F.R.D. at 188 (allegations that the defendants are "'an interrelated group of counterfeiters acting in active concert' . . . are conclusions—not facts").

Moreover, Defendant confirms that these allegations of inter-relatedness are ***false***. Specifically, Defendant has no connection or knowledge of any of the other 12 defendants and is certainly not working with any of them. (Yuan Decl. ¶ 4.) Accordingly, the TRO should be dissolved, a preliminary injunction should not issue, and Defendant should be dismissed. (*See, e.g.*, Ex. 1, *Mudworks Pottery, LLC* v. *The P'ships and Uninc. Ass'ns Identified on Schedule A*, No. 25-cv-10849-FUV, ECF No. 12 (N.D. Ill. Oct. 19, 2025) (dismissing complaint because joinder of 15 defendants in one copyright action was improper); Ex. 2, *Negru v. The P'ships and Uninc. Ass'ns Identified on Schedule A*, No. 25-cv-03002-LAH, ECF No. 18 (N.D. Ill. Apr. 21, 2025) (dismissing 13 defendants because joinder of 14 defendants in one copyright action was improper); Ex. 3, *Volkswagen AG et al v. The P'ships and Uninc. Ass'ns Identified on Schedule A*, No. 18-cv-06611-EEC, ECF No. 56 (N.D. Ill. Nov. 13, 2018) (vacating preliminary injunction as to moving defendants where joinder was improper and noting that "the inquiry boils down to whether all the Defendants are properly pled to be working together or in a coordinated effort"); Ex. 11, *SigmaxGo LLC v. The P'ships and Uninc. Ass'ns Identified on Schedule A*, No. 26-cv-00132-JRB, ECF No. 15 (N.D. Ill. Jan. 12, 2026) (finding allegation that 12 defendants "share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale . . . " insufficient for joinder).

Plaintiff's counsel is well-aware of the above joinder issues. (*See, e.g.*, Ex. 4, *Rahner v. The P'ships and Uninc. Ass'ns Identified on Schedule A*, No. 26-cv-06678, ECF No. 13 (N.D. Ill. June 10, 2026) (rejecting identical joinder arguments).)

**B. Plaintiff Has Not Demonstrated Irreparable Harm**

Plaintiff's arguments concerning irreparable harm are conclusory and unsupported by relevant evidence. Plaintiff argues that its "goodwill and reputation" is being harmed in this action and that it is suffering "loss of brand confidence", misleadingly citing trademark infringement cases in support. (*See, e.g.*, ECF No. 24 at 9 (citing *Int'l Kennel Club of Chicago, Inc. v. Mighty Star, Inc.*, 846 F.2d 1079, 1091 (7th Cir. 1988) (discussing "irreparable harm attributable to trademark infringement")) & *Helene Curtis Indus., Inc. v. Church & Dwight Co.*, 560 F.2d 1325, 1332 (7th Cir. 1977). (discussing damages due to alleged use of a "trademark")).) But this case involves allegations of ***copyright*** infringement—i.e., alleged use of Plaintiff's image of a snowman—not trademark infringement. "[T]here is no such presumption" of irreparable harm in the context of copyright infringement. *Flava Works, Inc. v. Gunter*, 689 F.3d 754, 755 (7th Cir. 2012) (reversing grant of preliminary injunction).

"It is Plaintiff's burden to explain how future infringements would result in the type of harm—loss of market share, competitive disadvantage, or intangible harm such as a loss of goodwill or damage to their reputation—that cannot be fully redressed by monetary damages, and he has failed to do so." *Frerck v. John Wiley & Sons, Inc.*, 850 F. Supp. 2d 889, 894 (N.D. Ill. 2012) (denying preliminary injunction). While Plaintiff makes generic assertions about licensing, Plaintiff does not present any non-conclusory arguments of irreparable harm. After all, the image at issue is one of a snowman, a generic figure of which there are countless other similar options that are in the public domain (i.e., free to use) or available for nominal fees.


CN200979101Y



US20070149092


USD411069


USD528351

In all events, Plaintiff's delay in bringing suit against Defendant negates any argument of irreparable harm. This is because a lengthy, unexplained delay in seeking relief calls into question "how urgent the need for [preliminary] equitable relief really is." *Michigan v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 788 (7th Cir. 2011).

Here, the documents provided by Plaintiff to Defendant's counsel show that Plaintiff had had actual knowledge of Defendant's accused activities since ***April***. Yet, Plaintiff remained silent for five months. Plaintiff's lengthy delay in seeking relief is further evidence that an *ex parte* TRO is not appropriate. *See LandAirSea Sys., Inc. v. Synchronize Income Dev., LLC*, No. 23-cv-4964, 2024 WL 1657355, at *6 (N.D. Ill. Feb. 8, 2024) (finding 10-month delay weighed against a finding of irreparable harm); *Zhang v. UAB Ekomlita*, No. 22-cv-5057, 2023 WL 2867798, at *6 (N.D. Ill. Apr. 10, 2023) ("UAB's delay and inaction with respect to contesting Zhang's registration and filing its motion for a preliminary injunction suggests that there is no risk of irreparable harm, which is an independent reason for denying the requested relief."); *Redbox Automated Retail, LLC v. Xpress Retail LLC*, 310 F. Supp. 3d 949, 955 (N.D. Ill. 2018) (no irreparable harm where plaintiff delayed filing its trademark infringement suit for three months after sending cease and desist letter).

If, in fact, Plaintiff was concerned with the allegedly infringing activity, it would have voiced its concerns to Defendant immediately. Defendant even has a specific page on its websites to report "any concerns or complaints about possible violation of intellectual property rights". *See* www.cozymoo.com/pages/intellectual-property-rights; www.infinitias.com/pages/intellectual-property-rights. Plaintiff should not be permitted to persist with its gamesmanship in this District.

**C. An Asset Freeze Is Not Appropriate**

As a result of the TRO, Defendant's PayPal accounts—including accounts that have nothing to do with the three accused websites—have been frozen in their entirety, restraining over a million dollars in funds. (Yuan Decl. ¶ 11.) This effectively puts Defendant out of business. Without access to its funds Defendant cannot pay employees, suppliers or rent.

Moreover, the funds being restrained have no relation to the accused activities. Defendant has made a total of about six sales relating to the listings that Plaintiff accuses of infringing his copyright. (*Id.* ¶¶ 7–8 & Ex. A.) The only sales that were made within the past three years (i.e., the statute of limitations for copyright claims, *see* 17 U.S.C. § 507(b)) were made to Plaintiff in April of 2026, totaling about $100 in revenue. Plaintiff provides no support for arbitrarily tying up Defendant's funds pertaining to the sale of unrelated products, which is contrary to the law. *See, e.g.*, *Micnerski v. Sheahan*, No. 02-cv-7025, 2002 WL 31415753, at *1 (N.D. Ill. Oct. 25, 2002) ("[T]he relevant inquiry is not simply whether plaintiff seeks *any* equitable relief, but whether there is a nexus between the assets sought to be frozen through an interim order and the equitable relief requested in the lawsuit.") (emphasis in original).

Plaintiff, like other "Schedule A" plaintiffs in this District, has not met ***his burden*** to identify assets implicated in this matter. For example, in one recent case, this Court explained:

> Here, the Court declines to exercise its discretion in the broad manner [Plaintiff] requests. [Plaintiff] has presented the Court with evidence that the five defendant-storefronts at issue sell dozens, if not hundreds, of products that are not implicated

> in this matter. The Court has no reason to believe the sales of those products represent anything other than lawful commercial activity. On this record, the Court will not impose a prejudgment asset restraint that knowingly encompasses those legitimate assets. To do so would be to relieve [Plaintiff] of its burden to identify the property or proceeds it seeks to enjoin with a sufficient degree of specificity. And it would risk creating a pot of money that would be far too plentiful to accomplish [Plaintiff]'s stated, narrow objective (the disgorgement of ill-gotten gains), all the while impeding legitimate business transactions.

(Ex. 5, *Wham-O Holding, Ltd. et al. v. The Individuals, Corps., LLCs, P'ships and Uninc. Ass'ns Identified in Schedule A*, No. 24-cv-12523-GNA, ECF No. 39 (N.D. Ill. Feb. 20, 2025) (denying injunctive relief); *see also*, *e.g.*, Ex. 6, *Intersport Corp. v. The Individuals, Corps., LLCs, P'ships and Uninc. Ass'ns Identified on Schedule A Hereto*, No. 25-cv-3483-MMP, ECF No. 24 (N.D. Ill. Apr. 21, 2025) (denying motion for a TRO and finding that "plaintiffs seek prejudgment asset restraints to establish a fund from which money damages may be awarded," which is contrary to *Grupo Mexicano*).)

The Supreme Court has made clear that courts lack the power to issue an asset freeze at the beginning of a case, unless that party is seeking equitable monetary relief. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999). The Supreme Court adhered to the long-standing rule that "a judgment establishing the debt was necessary before a court of equity would interfere with the debtor's use of his property." *Id*. at 321. "A 'court may not enter a preliminary injunction simply to safeguard [a defendant's] assets in the event that [defendant is] ultimately held liable on these claims.'" *Spin Master v. Aciper*, No. 19-cv-6949-VSB, 2020 WL 6482878, at *3 (S.D.N.Y. Nov. 4, 2020) (quoting *Dong v. Miller*, No. 16-cv-5836-NGG-JO, 2018 WL 1445573, at *9 (E.D.N.Y. Mar. 23, 2018)).

The remedy of disgorgement of profits is not intended to give the IP owner an excessive and therefore improper windfall. *Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 963 (7th Cir. 1992) (reversing damages award that was "a windfall to the plaintiff" because "the

award of profits [bore] no relationship to [infringer's] enrichment"). Plaintiff's motion for a TRO and current Motion do not address any of the pertinent facts, e.g., the amount of profits that Plaintiff could conceivably recover from Defendant. And here, where there is less than $100 at stake, based entirely on test purchases made to Plaintiff, it is consistent with "the principles of equity" to deny Plaintiff "such an award." *Fabick, Inc. v. JFTCO, Inc.*, 944 F.3d 649, 659 (7th Cir. 2019); *see also, e.g., Eicher Motors*, 794 F. Supp. 3d at 553 ("In view of the practical realities outlined above, the Court will exercise its discretion to deny requests for a prejudgment, ex parte asset freeze in this and other Schedule A cases.").

The fact that Defendant has appeared in this action is another reason that the freeze on its assets should not be continued. (*See, e.g.*, Ex. 7, *Manchester United Football Club Ltd. v. The P'ships and Uninc. Ass'ns Identified on Schedule A*, No. 24-cv-5692-MSS, ECF No. 61, 8/28/24 Hr'g Tr. 4:8–8:17 (N.D. Ill. Aug. 28, 2024) ("I am vacating the asset restraint as to all of these defendants at issue in these motions. . . . I don't think it's appropriate anymore now that these defendants are here and in the case.").) Indeed, Plaintiff never established any facts supporting an asset freeze to begin with. "[T]he mere fact that [Defendant] is Chinese" does not warrant "the harsh remedy of an asset freeze." *See, e.g., Spin Master*, 2020 WL 6482878, at *5 ("Plaintiffs provide no legal authority for their argument that the harsh remedy of an asset freeze would be justified by the mere fact that a corporation is Chinese and uses a cross-border payment processing service."). Here, there is not a shred of evidence that Defendant—a well-established company who has retained counsel and appeared in this action—would abscond with its funds. *See, e.g.*, Ex. 8, *Collegiate Licensing Co., LLC v. The P'ships and Uninc. Ass'ns Identified on Schedule A*, No. 24-cv-06219-JFK, ECF No. 22 (N.D. Ill. Sept. 13, 2024) ("That other defendants in similar cases have attempted to evade liability does not mean that Defendants in this case will too, and in any event,

the applicable Rule might not permit Plaintiff's request to proceed ex parte."); Ex. 9, *Glitch Prods. Pty Ltd v. The P'ships and Uninc. Ass'ns Identified on Schedule A*, No. 26-cv-08246-MMR, ECF No. 17 (N.D. Ill. Sept. 28, 2026) ("Plaintiff, however, offers no specific facts as to why *these* Defendants will [likely evade court orders or transfer assets]. What Plaintiff effectively seeks, then, is an *ex parte* injunction premised on bare possibility: because it happened once with other, unrelated defendants, it could theoretically happen again. This is not sufficient.") (emphasis in original); Ex. 10, *Merrigo Life LLC v. The Individuals, Corps., LLCs, P'ships, and Uninc. Associates Identified On Schedule A*, No. 25-cv-15046-JCD, ECF No. 18 (N.D. Ill. Mar. 2, 2026) (denying asset freeze where "the plaintiff has not produced any evidence concerning these particular defendants . . . And the plaintiff's speculation as to these defendants based on experience with other defendants does not overcome the defendants' right to due process.").

As Plaintiff has not established any basis for a "prejudgment asset restraint[, which] ought to be the rare exception," nor any basis for the "discretionary remedy" of profits in the first place, Plaintiff's request for an asset freeze should be denied. *See Eicher Motors*, 794 F. Supp. 3d at 553.

### D. Defendant Reserves All Rights to Advance Additional Defenses

In the interest of exigency of vacating the TRO that is crushing Defendant's business as quickly as possible, Defendant has only set forth a few arguments in support of its Motion herein. However, Defendant notes that it is also not subject to the personal jurisdiction of this Court; that an *ex parte* TRO is inappropriate under the circumstances; and that it has never been served. Defendant reserves all rights to advance and further explain its personal jurisdiction defense and all other defenses if this case proceeds.

## VI. CONCLUSION

For the above reasons, Defendant's Motion to dissolve the TRO should be granted, and the asset freeze should be lifted.

Respectfully submitted,

Dated: October 13, 2026

By: *s/ Mark Berkowitz*
Mark Berkowitz
Sandra A. Hudak
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Tel.: (212) 216-8000
Fax: (212) 216-8001
E-mail: mberkowitz@tarterkrinsky.com
shudak@tarterkrinsky.com

***Attorneys for Defendant Nos. 12, 13 & 15***