# Exhibit 2

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.3)**
**Eastern Division**

Elizaveta Negru

Plaintiff,

v.

Case No.: 1:25−cv−03002
Honorable LaShonda A. Hunt

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A

Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, April 21, 2025:

MINUTE entry before the Honorable LaShonda A. Hunt: The Court previously entered an order [15] questioning whether Plaintiff had met its burden of establishing that permissive joinder of 14 Defendants in this case was proper under Fed. R. Civ. P. 20(a)(2). Plaintiff was granted leave to file either a supplemental memorandum or an amended Schedule A consistent with that ruling. In response, Plaintiff filed [16] a memorandum in response to the Court's joinder order arguing that joinder is proper because all Defendants sell wrapping paper and have at least eleven commonalities in the wrapping paper that they sell with no notable differences. Plaintiff contends that such similarities support its conclusory allegation that Defendants' actions arise out of the same transaction, occurrence, or series of transactions or occurrences, but the Court remains unconvinced. *See Viking Arm AS v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 24 C 1566, 2024 WL 2953105, at *3 (N.D. Ill. June 6, 2024) (finding that plaintiff had merely identified a "small subset of the 181 defendants who are copycats of Plaintiff's style and each other, but that does not make them all partners in collusion) (emphasis in original); *Bailie, et al. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 24 C 2150, 2024 WL 2209698, at *5 (N.D. Ill. May 15, 2024) (finding use of same images and similar product titles and descriptions insufficient to support joinder); *Ilustrata Servicos Design, Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 21 C 5993, 2021 WL 5396690, at * 2 (Nov. 18, 2021) (holding that plaintiff's speculation that defendants were interrelated because they shared notable features "including use of the user name registration patterns, unique shopping cart platforms, accepted payment methods, check−out methods, meta data, illegitimate SEO tactics, HTML user−defined variables, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images" did not support joinder); *Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 511, 514 (N.D. Ill. Fed. 19, 2020) (holding that even if defendants were selling the same products and defendants' webpages were identical "that would not overcome the likelihood that Defendants are just

copycats" and that an allegation that defendants communicate through chat rooms and website based on "information and belief," without connecting any defendants to such chat rooms or websites, is insufficient to support joinder). Because Plaintiff has failed to cure the misjoinder here, the Court exercises its discretion to do so. The Court dismisses Defendants 2−14 without prejudice for improper joinder. This action will proceed as to Defendants 1 only. Plaintiff's motion for a temporary restraining order [6] as to all Defendants is terminated as moot. By 4/25/25, Plaintiff may file a renewed TRO motion or request other appropriate relief as to Defendant 1, whose identity shall remain under seal until that date. If no further relief is sought, all previously sealed documents will be unsealed, and the Court will set case management deadlines. Mailed notice. (vcf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.