# Exhibit 7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MANCHESTER UNITED FOOTBALL CLUB LTD., Plaintiff, | ) |
| vs. | ) No. 24 C 5692 |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | ) Chicago, Illinois |
| | ) August 28, 2024 |
| Defendants. | ) 9:51 o'clock a.m. |

TRANSCRIPT OF PROCEEDINGS -
Motion Hearing
BEFORE THE HONORABLE MANISH S. SHAH

APPEARANCES:

For the Plaintiff: GREER, BURNS & CRAIN, LTD.
BY: MR. TREVOR C. TALHAMI
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
(847) 651-4316

For Defendants Nos. 2, 6, and 23: THE KELEHER APPELLATE LAW GROUP, LLC
BY: MR. CHRISTOPHER P. KELEHER
One East Erie Street, Suite 525
Box 4635
Chicago, Illinois 60611
(312) 448-8491

COLLEEN M. CONWAY, CSR, RMR, CRR
Official Court Reporter
219 South Dearborn Street, Room 1918
Chicago, Illinois 60604
(312) 435-5594
*colleen_conway@ilnd.uscourts.gov*

(Proceedings heard in open court:)

THE CLERK: 24 CV 5692, Manchester United Football Club versus The Partnerships.

MR. KELEHER: Good morning, Your Honor. Christopher Keleher for Defendants Nos. 2, 6, and 23.

MR. TALHAMI: Good morning, Your Honor. Trevor Talhami for the plaintiff.

THE COURT: Good morning.

So I have the motions to modify the asset restraint and the motions to compel discovery.

Mr. Keleher, you represent all the defendants, even the defendant on the motion to compel that was filed yesterday, right?

MR. KELEHER: Yes, Your Honor.

THE COURT: You don't need to appear on September 3rd when that motion's been noticed. Let's talk about all of this --

MR. KELEHER: Certainly.

THE COURT: -- right now. Mr. Keleher, you've entered your appearances on behalf of these defendants. I haven't seen, as the plaintiff points out, the affiliate disclosures.

MR. KELEHER: Your Honor, I am not aware of any. I will -- but I don't want to say that for certain at this stage. But I will check on that.

THE COURT: Well, you have to file a disclosure of any affiliates when you file your first appearance --

MR. KELEHER: Yes, Your Honor.

THE COURT: -- under our local rules. So --

MR. KELEHER: Yes. And I'm --

THE COURT: -- attend to that.

MR. KELEHER: I'm sorry, Your Honor. And I'm not aware of any, but I will double-check.

THE COURT: Let's talk about the motions to compel first.

I guess I am wondering why I should compel expedited early discovery now. Defendants haven't even answered.

I did what I did at the *ex parte* stage and in the preliminary injunction stage, but now they're here. Why should I be compelling them to respond to the discovery that you have issued as opposed to giving them 30 days and letting you continue to meet and confer about this?

MR. TALHAMI: Yes, Judge.

So, at this point, I mean, discovery's directly relevant for plaintiff to respond to defendants' motions.

As far as the expediency of it, I understand the Court's perspective. I mean, nonetheless, discovery will be relevant to the pending motions moving forward.

THE COURT: Let's talk, then, about the asset restraints.

First, have you had any conversations to resolve the issue as to the asset restraints?

There was a suggestion, at least in the motion that was filed yesterday, that there were some discussions underway.

MR. TALHAMI: Yes, Your Honor.

We've had some back-and-forth. I mean, I would say, at this point, we're still relatively far apart.

THE COURT: Now that these defendants have appeared and they're in the case, why should I keep their assets frozen at all?

MR. TALHAMI: Well, Your Honor, the burden is on the defendant to show that the restrained funds are not proceeds of counterfeiting activity. And based on the evidence before the Court today, that burden's not been satisfied.

THE COURT: Well, is that really the right question to be asking?

Ultimately, the restraint of assets is to preserve a remedy of an accounting. An accounting can happen from looking at records. I don't know why you need to freeze assets once the defendants are in the case and participating.

MR. TALHAMI: Yes, Judge.

THE COURT: It's not -- the asset restraint is not designed to make it easier for you to collect an award.

MR. TALHAMI: Yes, Judge.

So an accounting of records is still necessary to

discern what would be appropriate, and there is just insufficient evidence to deduce that accounting at this point.

THE COURT: But then why should I -- but that doesn't answer the question as to why I should restrain accounts, why I should keep things frozen.

MR. TALHAMI: May I --

THE COURT: Here's a related question.

In one of your filings, you said that they haven't shown that the asset restraint is affecting their ability to do business. I don't understand how that can be when the asset restraint that's routinely part of your proposed orders -- and in this case, paragraph 6 of the injunction says: "Defendants shall be temporarily and preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court, or the expiration of this Order, whichever is earlier." That language says that the defendants aren't allowed to do anything with any of their assets. I read that to mean they can't even dispose of their trash. How can it be that this asset restraint isn't shutting them down?

And if you think that having judges sign orders like this, but then these words don't mean what they say, that really undermines the court and the court system.

And the plaintiffs' bar takes a lot of liberties with our courthouse in these cases. Maybe too many. And you have

transformed the practice of law in this courthouse, and I don't think for a good thing, or for the better, at least.

So I don't understand how you can say that the asset restraint doesn't compromise their ability to do business.

MR. TALHAMI: Understood, Judge.

I think, again, given how the defendants' conduct has affected plaintiff's brand, I think the asset restraint, as far as an equitable remedy, is proper.

But as far as a complete asset restraint, I understand what the Court is saying.

THE COURT: Anything on behalf of the defendants that you'd like to say at this point?

MR. KELEHER: Your Honor, Your Honor understands the issues, and, you know, I just would echo what we put in our three motions, that this is overreach. This was a single sale made, a sample sale, which is a bit different, I think, what distinguishes this case.

THE COURT: Well, let me interrupt there and say, that's not what this is all about entirely. Because if your storefront has an image of Manchester United on it, showing that you are willing to put their brand on a product, that's infringement. Your storefront is infringing. It's not about just selling a pair of socks that don't have the logo on it. It's about your act of using their incredibly valuable intellectual property, to reach out to the world and say, "We

can put this on things," when they have made a showing that you're not allowed to do that because you are not a licensee of their trademark.

So they have demonstrated a likelihood of success on the merits. And it's not about just a sample sale. It's about more than that.

MR. KELEHER: Understood, Your Honor.

My one, I guess, rejoinder is that it would be simply that this company -- again -- and I won't say that about all my clients. But this entity is an established entity, and they do have a procedure in terms of verifying the licensees.

And, obviously, they made a mistake here, which I fully concede, but, again, this is a little bit different here.

THE COURT: Okay.

MR. KELEHER: And sorry, Your Honor. Just one other --

THE COURT: Go ahead.

MR. KELEHER: And just the huge disparity between the amount frozen and the accused items. I mean, this is a chasm between these three defendants, these numbers.

THE COURT: Okay. The motions to compel -- all of the motions to compel are denied without prejudice to renewal as you continue to meet and confer.

I did authorize the discovery to be propounded, and so you do need to engage. I will give you more time to do

that.

I don't think there is urgency to it, in part because of my view on the asset restraint, which I am going to get to right now, and that is that I am granting the motion to modify the asset restraints, and I am vacating the asset restraint as to all of these defendants at issue in these motions.

I just don't think it makes sense to freeze their accounts, and it certainly doesn't make sense for me to enforce the really overbroad language of the asset restraint that admittedly I signed. But I don't think it's appropriate anymore now that these defendants are here and in the case.

And going forward, I am not so sure I'll sign an asset restraint like that going forward ever again. I don't know. I'll take each case as it comes. But, as you can tell, this morning I am spending a little bit more time on these cases, and I am worried about what they're doing to the courthouse. So I am thinking about that.

Is there anything else I can help you with this morning on behalf of plaintiff?

MR. TALHAMI: No, Your Honor.

MR. KELEHER: No, Your Honor.

THE COURT: Thank you.

MR. KELEHER: Thank you.

(Proceedings concluded.)

C E R T I F I C A T E

I, Colleen M. Conway, do hereby certify that the foregoing is a complete, true, and accurate transcript of the Motion Hearing proceedings had in the above-entitled case before the HONORABLE MANISH S. SHAH, one of the Judges of said Court, at Chicago, Illinois, on August 28, 2024.

*/s/ Colleen M. Conway, CSR, RMR, CRR*     *08/28/2024*

Official Court Reporter     Date
United States District Court
Northern District of Illinois
Eastern Division