# Exhibit 8

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.7.1.1**
**Eastern Division**

Collegiate Licensing Company, LLC

Plaintiff,

v.

Case No.: 1:24−cv−06219
Honorable John F. Kness

The Partnerships and Unincorporated Associations Identified on Schedule A

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, September 13, 2024:

MINUTE entry before the Honorable John F. Kness: Before the Court is Plaintiff's motion for an ex parte temporary restraining order [11]. Plaintiff argues in its motion that this Court should grant an ex parte temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure. Rule 65(b) permits a court to issue a temporary restraining order without notice to the adverse party only if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)(B) (emphasis added). Plaintiff has presented several facts in its complaint and in affidavits attached to its motion showing it will suffer immediate and irreparable harm unless an ex parte temporary restraining order is issued. (See, e.g., Dkt. 1 726; Dkt. 12 at 89; Dkt. 13; Dkt. 14; Dkt. 15.) But Plaintiff has not certified in writing, nor has it provided any information at all, regarding its efforts to give notice to Defendants. Plaintiff cites to several cases within this District where counterfeiters such as Defendants reduced or transferred funds in their financial accounts upon receipt of a lawsuit to argue that notice should not be required in this action. (Dkt. 12 at 34; Dkt. 13 510.) Anticipating the possibility that something similar will happen in this case, Plaintiff contends it is entitled to an ex parte order. (Id.) This approach is common, if not universal, in so−called "Schedule A" cases involving alleged violations of intellectual property rights; indeed, this Court has allowed many Schedule A plaintiffs to proceed ex parte at the beginning of many similar cases. That a practice has become routine, however, does not compel the conclusion that it is permissible. Plaintiff's asserted reasons for proceeding ex parte may not, standing alone, provide sufficient justification for the Court to enter an ex parte temporary restraining order without the notice contemplated by Rule 65(b)(1). That other defendants in similar cases have attempted to evade liability does not mean that Defendants in this case will too, and in any event, the applicable Rule might not permit Plaintiff's request to proceed ex parte. Accordingly, the Court directs Plaintiff to file a supplemental statement explaining its efforts to give notice to Defendants as required by Rule 65(b)(1)(B), or why that Rule

permits entry of an ex parte temporary restraining order when no such efforts are made. Put another way, Plaintiff must provide a more compelling argument, with citation to binding or persuasive authority, that proceeding ex parte in Schedule A cases is allowed. Plaintiff's supplemental statement must not exceed ten pages and must be filed on or before 9/27/2024. Mailed notice. (exr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.