# Exhibit 9

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

GLITCH PRODUCTIONS PTY, LTD,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

No. 26-cv-08246

Judge Mary M. Rowland

## ORDER

For the following reasons, Plaintiff's *ex parte* motion for entry of a temporary restraining order [12] is denied.

## INTRODUCTION

The matter that comes before the Court is known as a "Schedule A" case. In such cases, plaintiffs will name hundreds of defendants, typically via a sealed attachment to the complaint known as a "Schedule A." Plaintiffs will then move for an *ex parte* temporary restraining order to freeze assets held in the defendants' e-commerce accounts. Most defendants fail to respond, a few settle, and these cases generally end in mass default judgments. *See, e.g.*, *Luxottica Group S.p.A. v. Partnerships and Unincorporated Associations Identified on Schedule A*, 391 F. Supp. 3d 816, 819–820 (N.D. Ill. 2019) (discussing Schedule A cases).

Due to the non-adversarial nature of such cases, arguments attacking the propriety of the Schedule A mechanism are few and far between. As a result, it often falls on courts to ensure that procedural rules are being followed. Other judges in this district have recently taken it upon themselves to conduct a thorough review of the mechanism. *See e.g.*, *Eicher Motors Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule "A",* 794 F. Supp. 3d 543 (N.D. Ill. 2025). This Court has not yet done so. The Seventh Circuit's recent opinions in *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co.*, 177 F.4th 793 (7th Cir. 2026) and *Liu v. Monthly*, No. 25-2074, 2026 WL 681773 (7th Cir. Mar. 9, 2026), however, have prompted this Court to take a fresh look. And as others have observed, the routine granting of *ex parte* injunctive relief, overbroad asset freezes, widespread sealing of

records, and mass joinder requests are highly problematic. This Court will not allow these practices to continue in their current form.

**DISCUSSION**

**A. Rule 65(b)**

Pursuant to Rule 65(b), Plaintiff asks this Court to enter an *ex parte* temporary restraining order to enjoin Defendants from selling products that allegedly infringe Plaintiff's intellectual property rights. This is "an extraordinary and drastic" form of relief. *Goodman v. Illinois Dep't of Fin. & Pro. Regul.*, 430 F.3d 432, 437 (7th Cir. 2005) (citation omitted). Moreover, Plaintiff asks that the Court do so on an *ex parte* basis, even though, as a general matter, *ex parte* proceedings are "the exception rather than the rule." *United States v. Boender*, 649 F.3d 650, 657 (7th Cir. 2011).

To obtain an *ex parte* temporary restraining order, Plaintiff must satisfy two requirements. First, Plaintiff must set forth "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Second, Plaintiff's counsel must "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." *Id.* at (b)(1)(B). "These are not trivial requirements," and a failure to satisfy them "necessitates denial of an ex parte TRO request." *Eicher Motors*, 794 F. Supp. 3d at 549, 551.

Here, Plaintiff defends its *ex parte* request on the theory that Defendants, because they operate abroad, will likely evade court orders or transfer assets if they learn of this suit before an injunction issues. Its primary support for this theory is its counsel's "experience" in unrelated cases where offshore defendants moved funds after being sued. Plaintiff, however, offers no specific facts as to why *these* Defendants will act similarly. What Plaintiff effectively seeks, then, is an *ex parte* injunction premised on bare possibility: because it happened once with other, unrelated defendants, it could theoretically happen again. This is not sufficient. Without specific facts tethering this theory to each Defendant in this action, Plaintiff has failed to satisfy the specificity requirement of Rule 65(b)(1)(A). *See Eicher Motors*, 794 F. Supp. 3d at 550 ("In effect, Schedule A asks the Court to put the *ex parte* cart before the horse: presume that defendants will act nefariously unless shown otherwise. That gets Rule 65(b) backward.").

Plaintiff also fails to satisfy Rule 65(b)(1)(B)'s attorney certification requirement, which necessitates details on "any efforts made to give notice." *Id*. Though Plaintiff submits a declaration from its counsel, that declaration contains nothing regarding Plaintiff's efforts to give notice to each Defendant. *See Stoller v. Altisource Residential L.P.*, No. 18-CV-7169, 2019 WL 13328428, at *1 (N.D. Ill. Mar. 14, 2019) ("Here, [plaintiffs] have not adequately certified in writing their efforts to

give notice to opposing counsel. This, in itself, warrants denial of their motion under Federal Rule of Civil Procedure 65(b).").

**B. Likelihood of Success**

The Court further takes issue with Plaintiff's assertion that it will likely succeed on the merits of its trademark action. Like most Schedule A plaintiffs, Plaintiff attempts to show likelihood of confusion in two ways. The first is to rely on the "presumption of a likelihood of confusion" found in *Microsoft Corp. v. Rechanik*, 249 F. App'x 476, 479 (7th Cir. 2007). *Microsoft*, however, was an unpublished opinion and thus not binding law. *See* Seventh Circuit Rule 32.1(b). But even if it was, to utilize the presumption, Plaintiff must show that each Defendant "produced counterfeit goods in an attempt to capitalize on the popularity of another's product." *Ent. One UK Ltd. v. 2012Shiliang*, 384 F. Supp. 3d 941, 949 (N.D. Ill. 2019). Plaintiff fails to make this showing: it does not proceed, Defendant-by-Defendant, explaining why that Defendant's product meets the strict definition of "counterfeit," or how that Defendant's use of Plaintiff's trademarks attempts to capitalize on the popularity of a particular product produced by Plaintiff.

Plaintiff alternatively resorts to the Seventh Circuit's seven-factor likelihood-of-confusion test found in *AutoZone, Inc. v. Strick*, 543 F.3d 923 (7th Cir. 2008). But again, Plaintiff's assertions are generic and untethered to any Defendant. Without a factor-by-factor analysis as to each Defendant, the Court cannot determine whether Plaintiff, in fact, is likely to succeed on the merits.

**C. The Proposed Asset Restraint**

Plaintiff's proposed asset restraint is also troubling. Indeed, in its current form, it effectively seeks a blanket restraint on each Defendant's assets, regardless of whether the assets are linked to sales of infringing products. Such blanket asset freezes have been criticized by others. *See WHAM-O Holding, Ltd. et al. v. The Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations Identified in Schedule A*, Case No. 24-CV-12523 (N.D. Ill. Feb. 20, 2025), [42] at 5 (collecting cases). This Court shares these concerns. Given that the basis for Plaintiff's asset restraint request is for a later equitable accounting of each Defendant's profits, Plaintiff is entitled only to a restraint on the profits of each Defendant's allegedly infringing products. While the Court recognizes that one approach would be to give Plaintiff the relief it seeks and wait for the Defendants to move to modify the scope of the asset restraint, this would effectively relieve Plaintiff of its burden to identify with sufficient specificity the proceeds it seeks to enjoin. *Id.* And it would risk creating a pool of money larger than necessary to accomplish Plaintiff's stated objective, while impeding legitimate business transactions. Plaintiff has made no effort to calculate each Defendant's profits and tailor its proposed asset restraint accordingly.

Moreover, by and large, the predominate form of relief sought at the close of Schedule A cases is statutory damages, not equitable accounting. Statutory damages, however, are "a remedy at law, not a remedy in equity." *Zorro Prods., Inc. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, No. 23-CV-5761, 2023 WL 8807254, at *4 (N.D. Ill. Dec. 20, 2023). In other words, at the end of the case, Schedule A plaintiffs typically "receive a remedy at law, not a remedy in equity, which means that there was no justification for an asset freeze in the first place." *Id.* In view of these realities, the Court will deny any future requests for a prejudgment asset freeze unless Plaintiff explicitly commits to seeking equitable relief.

### D. Sealing the File

The Court additionally takes issue with Plaintiff's attempt to seal this matter. Plaintiff's motion to seal [3] certain documents under seal argues that Defendants, if alerted before a temporary restraining order issued, would destroy evidence and move assets abroad. Plaintiff offers no specific facts as to why each Defendant would act this way. A party who wishes to depart from the longstanding tradition of public access to judicial records "carries a heavy burden." *Zorro*, 2023 WL 8807254, at *2. And here, Plaintiff's generic assertions are not enough. Plaintiff's motion to seal [3] is denied.

### E. Mass Joinder

Finally, the Court shares concerns raised by others about the propriety of joining multiple defendants in Schedule A cases. *See e.g., Estee Lauder Cosms. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182, 187–90 (N.D. Ill. 2020). Should Plaintiff wish to maintain this action, the Court may require briefing as to the propriety of joinder.

## CONCLUSION

For these reasons, the Court denies Plaintiff's *ex parte* motion for entry of a temporary restraining order [12] and Plaintiff's motion to seal [3]. The Clerk of the Court is directed to unseal the filings in this matter. Plaintiff is to file a status report by October 15, 2026.

ENTER:

Date: September 28, 2026

Mary M Rowland

Mary M. Rowland
U.S. District Judge