# Exhibit 11

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.5)**
**Eastern Division**

Sigmaxgo LLC

Plaintiff,

v.

Case No.: 1:26−cv−00132
Honorable John Robert Blakey

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A

Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, January 12, 2026:

MINUTE entry before the Honorable John Robert Blakey: Plaintiff seeks to sue 12 separate defendants in this single copyright infringement suit asserting multiple works, see [1], [2]. Joinder of multiple defendants in a single copyright infringement action remains appropriate only if the claims against the defendants are asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and a common question of law or fact exists as to all defendants. Fed. R. Civ. P. 20(a)(2)(A)−(B). The complaint lumps all defendants together and alleges, in a conclusory manner, that they "share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences." [1] at 8, 11, 15. But the conclusion does not necessarily follow from the alleged facts; it is equally possible that each online retailer set up shop in the same or similar manner. See, e.g., Estee Lauder Cosms. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A, 334 F.R.D. 182, 188−89 (N.D. Ill. 2020). Moreover, the screenshot evidence submitted in connection with Plaintiff's motion for a temporary restraining order belies these allegations, see [10]. Accordingly, the Court dismisses the complaint [1] for improper joinder and denies Plaintiff's motion for injunctive relief [6]. The Court denies as moot the motions to seal [11] and for leave to file excess pages [12] and strikes the 1/14/26 Notice of Motion date as to all motions. To the extent Plaintiff can, consistent with its obligations under Rule 11, amend its complaint to allege facts to support the joinder of all defendants in this single action, it may do so by 2/10/26. If Plaintiff declines to amend, the Court will dismiss this case. If Plaintiff pursues an amended complaint and revised motions, it should ensure that its pleadings support joinder of all defendants and that its submissions demonstrate a likelihood of success as to each defendant on each asserted claim. Plaintiff should also ensure that its submissions support the exercise of personal jurisdiction as to each Defendant; in this regard, the mere maintenance of a website, even a fully interactive website accessible in Illinois, remains insufficient. E.g., Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796, 803 (7th Cir. 2014) ("Having an

interactive website... should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible."); Rubik's Brand, Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A, No. 20−CV−5338, 2021 WL 825668, at *3 (N.D. Ill. Mar. 4, 2021) (screenshot evidence showing that an order could be placed by an Illinoisan, "amounts to nothing more than maintaining an interactive website that is accessible in Illinois," and "that alone cannot confer personal jurisdiction."). Mailed notice. (evw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.