**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM VANDERDASSON,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"<br><br>Defendants | ) | Case No. 1:26-cv-10973<br>Judge Matthew F. Kennelly |

**DEFENDANTS NOS. 10 AND 11'S MOTION TO DISSOLVE OR, IN THE ALTERNATIVE, MODIFY THE PRELIMINARY INJUNCTION**

Defendants No. 10, chequerainy.com, and No. 11, lesndenbiis.com (collectively, the "Moving Defendants"), by and through their undersigned counsel, hereby move this Court, pursuant to Federal Rule of Civil Procedure 65 and Paragraph 8 of the Preliminary Injunction Order entered October 30, 2026 (ECF No. 48), for an Order: (i) dissolving the preliminary injunction as to the Moving Defendants; or (ii) alternatively, vacating the asset restraints imposed against the Moving Defendants or limiting those restraints to an aggregate amount for each Moving Defendant no greater than reasonably necessary to preserve any potential equitable recovery of profits attributable to the alleged infringement, and directing the release of all funds exceeding that amount; and (iii) granting such other and further relief as the Court deems just and proper.

**PRELIMINARY STATEMENT**

At least as to Defendants No. 10, chequerainy.com, and No. 11, lesndenbiis.com (the "Moving Defendants"), the preliminary injunction is unsupported by the required showing and grossly disproportionate to the conduct alleged. Each Moving Defendant made only one sale of the

allegedly infringing product, for US $33.65, both on April 16, 2026, and both to Plaintiff through his own test purchases. Neither Moving Defendant has made any other sales of the accused product to any customer. *See* Chequerainy Decl. ¶¶ 5-8 & Ex. A; Lesndenbiis Decl. ¶¶ 5-8 & Ex. A; Chen Decl. ¶¶3-5. Nevertheless, the injunction imposes an unrestricted freeze on the Moving Defendants' financial accounts, without limiting the restraint to proceeds attributable to the alleged infringement. Two isolated purchases orchestrated by Plaintiff do not justify restraining all funds belonging to these businesses.

Those same circumstances undermine the basis for preliminary injunctive relief. Plaintiff's test purchases do not establish sales to independent consumers, displacement of authorized sales, or an imminent threat of injury to his licensing business, reputation, or goodwill. Although Plaintiff knew of the accused products by April 2026, he waited nearly five months to commence this action. Considered together with the absence of any sales beyond Plaintiff's own purchases, that delay substantially undermines the asserted need for immediate equitable relief. Plaintiff must establish likely irreparable harm through evidence specific to the Moving Defendants; it cannot simply be inferred from the allegation of infringement.

Plaintiff's showing of likely success likewise warrants scrutiny. The registration certificate identifies June 26, 2007, as the work's first publication date, but September 26, 2025, as the effective registration date—more than eighteen years later. Accordingly, the certificate does not carry the automatic presumption of validity afforded by 17 U.S.C. § 410(c). Although late registration does not itself invalidate a copyright, Plaintiff cannot substitute the existence of a registration and generalized assertions of authorship for the required showing of ownership of a valid copyright and infringement of protectable expression.

The Moving Defendants also join in and incorporate the applicable arguments and supporting authorities advanced by Defendant Nos. 12, 13, and 15 concerning likelihood of success, improper

joinder, irreparable harm, and the absence of a sufficient basis for an unrestricted asset freeze. ECF No. 40 at 5–13. Those arguments provide additional grounds for dissolving or modifying the preliminary injunction, insofar as they apply to the Moving Defendants and the record concerning them.

The Moving Defendants therefore request dissolution of the preliminary injunction as to them. Alternatively, the Court should vacate the asset restraints or limit them to an amount reasonably necessary to preserve a supported potential recovery of profits attributable to each Moving Defendant's single sale, not exceeding the gross revenue received from that transaction. Any limit should apply in the aggregate across each Moving Defendant's restrained accounts, with all excess funds released.

## I. <u>**THE PRELIMINARY INJUNCTION SHOULD BE DISSOLVED AS TO THE MOVING DEFENDANTS**</u>

To obtain a preliminary injunction, a plaintiff must establish a likelihood of success on the merits, the absence of an adequate remedy at law, and likely irreparable harm without preliminary relief. *DM Trans, LLC v. Scott*, 38 F.4th 608, 617 (7th Cir. 2022). A mere possibility of success is insufficient. *Id*. Plaintiff must make a "strong showing that [he] is likely to succeed on the merits." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 762–63 (7th Cir. 2020).

Those requirements remain applicable when the Court considers whether an existing preliminary injunction should continue. Courts in this District evaluate motions to dissolve preliminary injunctions under the same factors governing their issuance. *Hong Kong Yu'en E-Commerce Co. v. Individuals*, 783 F. Supp. 3d 1104, 1107 (N.D. Ill. 2025).

In making that determination, the Court weighs the probability that dissolution would erroneously deprive the plaintiff of warranted relief, together with the consequences of that error,

against the expected harm of maintaining the injunction. Dissolution is appropriate when the expected cost of maintaining the injunction exceeds the expected cost of dissolving it. *Antsy Labs, LLC v. Individuals*, No. 21 C 3289, 2022 U.S. Dist. LEXIS 212406, at *5–6 (N.D. Ill. Nov. 23, 2022).

Here, both the probability and the consequences both weigh in favor of dissolution.

**A. Plaintiff Has Not Sufficiently Established a Likelihood of Success on the Merits**

A copyright infringement claim requires proof of ownership of a valid copyright and copying of original, protectable elements of the copyrighted work. *Design Basics, LLC v. Signature Construction, Inc.*, 994 F.3d 879, 886–87 (7th Cir. 2021).

While a copyright registration ordinarily provides prima facie evidence of the copyright's validity, that statutory presumption applies only when registration occurs before or within five years after first publication. 17 U.S.C. § 410(c). The evidentiary weight of a registration obtained thereafter rests within the Court's discretion. *Id.* Here, Plaintiff's certificate identifies June 26, 2007, as the date of first publication, but September 26, 2025, as the effective registration date—more than **<u>eighteen years later</u>**. ECF No. 1-1 at 2. Plaintiff therefore cannot rely on the automatic statutory presumption to establish the validity of his copyright or the historical facts recited in the certificate.

Plaintiff's declaration adds no meaningful evidentiary weight to the registration on these foundational issues. It states generally that he created the work and owns its registration, but supplies no supporting detail concerning this *particular* artwork that is the subject of this action. ECF No. 16-1 ¶¶ 2, 5. Instead, Plaintiff describes his artistic career, the subjects he typically paints, and the categories of merchandise on which his artwork has appeared. *Id.* ¶ 3. Those broad descriptions do not explain the creation, originality, or ownership of the work at issue.

For instance, although the certificate recites a completion year and first-publication date, Plaintiff's declaration provides no account of the circumstances underlying those entries. It does not explain when or where he created the artwork, identify the publication or medium in which it first

appeared, or describe the circumstances of its first publication. Nor does it explain whether he drew the artwork alone or collaborated with others, whether it incorporates preexisting material, or whether he created it as a personal work, in the course of employment, or under an arrangement implicating the work-made-for-hire provisions. These matters bear on the identity of the author or authors, the ownership of the asserted rights, and the scope of protectable expression. See 17 U.S.C. § 201(a)–(b). The declaration identifies no contemporaneous creation records, publication materials, or agreements clarifying those matters.

Plaintiff bears the burden of making a "strong showing" that he is likely to succeed on the merits, including a demonstration of how he proposes to prove the essential elements of his claim. *Illinois Republican Party*, 973 F.3d at 762–63. A registration carrying no automatic statutory presumption, supported by a declaration offering only generalized assertions concerning authorship and ownership, does not satisfy that burden on the present record. Plaintiff's failure to make the required strong showing warrants dissolution of the preliminary injunction as to the Moving Defendants.

**B. Plaintiff Has Not Established Likely Irreparable Harm**

The Seventh Circuit has repudiated the notion that irreparable harm is to be presumed in a copyright infringement case. *Flava Works, Inc. v. Gunter*, 689 F.3d 754, 755 (7th Cir. 2012). Applying the Supreme Court's decision in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 392–93 (2006), *Flava Works* held that the traditional equitable requirements apply to preliminary injunctions in copyright cases and that likely success on the merits does not dispense with the separate requirement of irreparable harm. 689 F.3d at 755. In *Woodard v. Victory Records, Inc.*, No. 11-cv-7594, 2013 U.S. Dist. LEXIS 144270, at *10 (N.D. Ill. Oct. 4, 2013), the court expressly relied on *Flava Works* in rejecting the contention that threatened copyright infringement presumptively establishes irreparable injury. Plaintiff must therefore demonstrate that irreparable injury is likely

absent an injunction, rather than merely possible. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).

Here, Plaintiff has not demonstrated irreparable harm. Plaintiff is an artist who licenses his artwork for use on commercial products. ECF No. 16-1 ¶ 3. Although he has the right to control uses of his copyrighted expression, interference with that right does not, without more, establish an injury that monetary relief cannot remedy. On the present record, the alleged copying implicates Plaintiff's economic interest in receiving compensation for the commercial use of his artwork. Plaintiff supplies no concrete facts establishing that the Moving Defendants' conduct threatens some additional, noncompensable injury to his reputation, goodwill, or licensing relationships.

The actual sales history reinforces that conclusion. Each Moving Defendant's records identify only one sale of the accused product for $33.65, both on April 16, 2026. Neither Moving Defendant made any other sales of the accused product to any customer. *See* Chequerainy Decl. ¶¶ 5-8 & Ex. A; Lesndenbiis Decl. ¶¶ 5-8 & Ex. A. Both orders list "Jimmy Kim" as purchaser, the same Chicago shipping address, and shared contact information, and they were placed approximately six minutes apart. Chen Decl. ¶ 3. Given that address's prior use for test purchases in other matters, it appears that the orders were made by or on behalf of Plaintiff. Chen Decl. ¶¶ 4-5. Furthermore, each Moving Defendant has since removed the accused product and does not intend to resume offering it. Chequerainy Decl. ¶10; Lesndenbiis Decl. ¶ 10.

Plaintiff's purchases do not demonstrate injury to consumer goodwill, damage to his reputation, or displacement of an authorized sale. Nor does Plaintiff identify circumstances showing that such injuries are likely to occur before this action can be resolved on the merits.

Instead, Plaintiff's declaration broadly asserts that unauthorized use diminishes exclusivity, undermines control over product quality, damages reputation, and causes unquantifiable future sales losses. ECF No. 16-1 ¶¶ 10–14. It identifies no affected customer or licensee, impaired licensing

relationship, or factual basis for predicting reputational injury attributable to either Moving Defendant. Copyright law does not protect against consumer confusion as such. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1161 (9th Cir. 2007). Plaintiff therefore cannot establish irreparable injury simply by invoking concepts associated with trademark protection without explaining how the alleged copying threatens a noncompensable injury to his own copyright interests.

Likewise, Plaintiff's assertion that unauthorized use diminishes exclusivity merely restates the right allegedly infringed. Every infringement necessarily implicates an exclusive copyright interest. If that interference alone established irreparable harm, the presumption rejected in *Flava Works* would survive in substance. Plaintiff must demonstrate the likely consequences of the alleged infringement and explain why damages would be inadequate to address them.

Plaintiff's delay further undermines the claimed urgency. His April 16, 2026 test purchases establish knowledge of the accused products nearly five months before he commenced this action on September 10, 2026. Although delay alone does not necessarily defeat preliminary relief, it may raise questions concerning the asserted threat of irreparable injury. *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 903 (7th Cir. 2001). Here, that delay accompanies an absence of independent sales, the discontinued product listings (Chequerainy Decl. ¶¶ 7, 10; Lesndenbiis Decl. ¶¶ 7, 10), and a declaration offering only generalized predictions of harm.

Because irreparable harm is an independent threshold requirement, that failure warrants dissolution of the preliminary injunction as to the Moving Defendants. See *DM Trans*, 38 F.4th at 617–18.

## II. ALTERNATIVELY, THE ASSET RESTRAINTS SHOULD BE LIMITED TO THE MOVING DEFENDANTS' ACTUAL SALES OF THE ACCUSED PRODUCT (TO PLAINTIFF)

A prejudgment asset freeze cannot rest solely on the desire to secure payment of a future

damages award. *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999). Here, the Complaint expressly seeks "actual damages or statutory damages pursuant to 17 U.S.C. §504." ECF No. 1, Prayer for Relief ¶ 3. It does not request an equitable accounting of profits or identify an equitable interest in particular funds. That omission further undermines the basis for freezing the Moving Defendants' assets before judgment. Plaintiff's separate request to enjoin alleged infringement does not itself establish an equitable entitlement to the funds restrained.

However, even assuming Plaintiff's demand for relief encompasses an equitable accounting of profits, courts in this District limit prejudgment restraints to amounts reasonably necessary to preserve that potential recovery. As explained in *Deckers Outdoor Corp. v. P'ships & Unincorporated Associations Identified on Schedule A*, No. 13 C 07621, 2013 U.S. Dist. LEXIS 205985, at *5 (N.D. Ill. Oct. 30, 2013), "if the amount of profits is known, then the asset freeze should apply only to that specific amount, and no more."

Applying that rule in a copyright action, and after noting that "asset restraints are extraordinary measures", the Court in *Innovation Industries, LLC v. P'ships Identified on Schedule A*, 807 F. Supp. 3d 844, 852 (N.D. Ill. 2025) reduced the defendants' asset restraints to the gross revenue attributable to the accused sales. The court reasoned that, even without sufficient evidence to determine net profits, gross revenue establishes an upper limit on a potential accounting because profits cannot exceed revenue.

Here, each Moving Defendant's single US $33.65 sale provides that same outer limit. Yet Defendant No. 10 reports that US $638,741.99 is frozen in its associated PayPal account, approximately 18,982 times its accused-product revenue; Defendant No. 11 reports a frozen amount of US$31,137.31, approximately 925 times its accused-product revenue. Chequerainy Decl. ¶¶ 5, 11; Lesndenbiis Decl. ¶¶ 5, 11. Collectively, US $669,879.30 is frozen in connection with two test purchase sales totaling only US $67.3 in revenue – and amount nearly **10,000 times** the entire revenue

attributable to the alleged infringement. The restraints prevent use of funds for ordinary operations and substantially disrupt their business. Chequerainy Decl. ¶ 11; Lesndenbiis Decl. ¶ 11. These disproportionate restraints cannot be justified merely by the possibility of recovering profits from the two identified test purchases.

Accordingly, if the Court declines to dissolve the injunction entirely, it should limit any asset restraint to the supported profits attributable to each Moving Defendant's single sale or, at the very most, US $33.65 per Moving Defendant, the gross revenue received from that transaction. That limit should apply in the aggregate across all restrained accounts belonging to each Moving Defendant, with all excess funds released. A restraint calibrated to the actual sales would preserve any potential profits remedy without continuing an unlimited freeze on unrelated business funds.

## III. THE MOVING DEFENDANTS JOIN IN AND INCORPORATE THE APPLICABLE ARGUMENTS ADVANCED BY DEFENDANTS NOS. 12, 13, AND 15

The Moving Defendants join in and incorporate by reference the arguments and supporting authorities set forth in Sections V.A–C of the memorandum filed by Suzhou Liying Network Technology Co., Ltd., the operator of Defendant Nos. 12, 13, and 15, in support of its motion to dissolve the temporary restraining order. ECF No. 40 at 5–13. Specifically, the Moving Defendants adopt the arguments concerning Plaintiff's failure to demonstrate a likelihood of success through analysis of the asserted infringement; the insufficiency of generalized allegations to establish proper joinder; the absence of demonstrated irreparable harm; and the lack of a sufficient basis for restraining assets unrelated to the alleged infringement, insofar as those arguments apply to the claims, allegations, and evidence concerning the Moving Defendants.

Although that memorandum addressed the temporary restraining order, the Moving Defendants adopt those arguments as additional grounds for dissolving or modifying the preliminary injunction now in effect. This incorporation concerns the applicable legal arguments and authorities;

factual assertions specific to Suzhou Liying Network Technology Co., Ltd., its operations, sales, or restrained funds are not adopted as facts concerning the Moving Defendants. The Moving Defendants request that the Court consider the incorporated arguments together with the independent grounds and facts presented in this motion.

## CONCLUSION

For the foregoing reasons, the Moving Defendants respectfully request that the Court dissolve the preliminary injunction as to Defendants Nos. 10 and 11. Alternatively, the Court should vacate the asset restraints or limit them to the supported profits attributable to each Moving Defendant's single sale of the accused product, not exceeding US $33.65, the gross revenue received from that transaction. Any such limit should apply in the aggregate across each Moving Defendant's restrained accounts, with all excess funds released. The Moving Defendants further request such other and further relief as the Court deems just and proper.

Dated: November 23, 2026

Respectfully submitted,

*/s/ Jacob Chen*

Jacob Chen
jchen@dgwllp.com
**DGW KRAMER LLP**
45 Rockefeller Plaza, 20th Floor,
New York, NY 10111

*Counsel for Defendants No. 10 chequerainy.com and No. 11 lesndenbiis.com*

## CERTIFICATE OF SERVICE

On November 23, 2026, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Illinois, Eastern Division using the CM/ECF System which will send notification of said filing to all counsel of record.

*/s/* Jacob Chen
Jacob Chen